THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| KENNETH PAUL METCALF, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc 180]; the Government's Motion to Dismiss [Doc. 182]; and the Defendant's Motion to Supplement [Doc. 183].

**I.  BACKGROUND**

In March 2017, the Defendant Kenneth Paul Metcalf was convicted of one count of conspiracy to distribute methamphetamine and was sentenced to 140 months' imprisonment. [Doc. 118]. The Defendant is currently incarcerated at FCI Ashland, and his projected release date is April 1, 2026.[1]

On June 4, 2020, the Defendant filed the present motion, seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc.

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 9, 2020).

180]. In his motion, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. The Court ordered the Government to respond to the Defendant's motion. [Text-Only Order entered June 8, 2020]. On July 1, 2020, the Government filed the present motion to dismiss the Defendant's motion without prejudice for failing to present a compassionate release request to the warden of his BOP facility or to otherwise exhaust his administrative remedies with the BOP. [Doc. 182]. On July 7, 2020, the Defendant filed a motion to supplement his motion to include a copy of the request for compassionate release that he contends that he submitted to both the warden and the unit manager at FCI Ashland. [Doc. 183].

II. **DISCUSSION**

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

2

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

While some courts have waived the exhaustion requirement for compassionate release motions in light of the COVID-19 pandemic, see United States v. Feiling, No. 3:19cr112 (DJN), 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases), other courts have been reluctant to grant such waivers. For example, the Third Circuit in United States v. Raia held that a prisoner's failure to exhaust all administrative remedies set forth in § 3582(c)(1)(A) warranted the denial of his motion for compassionate

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

release. 954 F.3d 594, 597 (3d Cir. 2020). In so holding, the Third Circuit stated that it did not intend to minimize the risks that COVID-19 poses to the health of federal inmates. However, the Court noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Id.[3] The Court went on to state as follows:

> Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the statutory requirement will be speedily dispatched in cases like this one.

Id. (citation and internal quotation marks omitted). Other courts, including district courts within the Fourth Circuit, have followed Raia's example and continued to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic. See United States v. Smith, No. 3:16-cr-48 (MPS), 2020 WL

---

[3] Citing Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

1903160, at *3 (D. Conn. Apr. 17, 2020); United States v. Meron, No. 2:18-cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020); United States v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); Feiling, 2020 WL 1821457, at *5; United States v. Gillis, No. 14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020); United States v. Perry, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); United States v. Carver, -- F. Supp. 3d --, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899, at *1 (D. Md. Mar. 30, 2020); United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Cohen, No. 19cr602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). The Court agrees with Raia and the cases cited above and therefore joins these courts in holding that the mere existence of the COVID-19 pandemic and the Defendant's potential susceptibility to that illness due to pre-existing health conditions does not render the exhaustion of administrative remedies futile.

In moving to dismiss the Defendant's motion, the Government submits the Declaration of Mallory Storus of the BOP, which indicates that the BOP has no record in its official Administrative Remedy Program that the Defendant filed any administrative remedy request during his incarceration with the BOP. [Doc. 182-1]. Additionally, Ms. Storus states that she contacted the staff at FCI Ashland, who confirmed that they did not have any record of having received any compassionate release requests from the Defendant. [Id. at ¶ 7].

The Defendant asserts that he submitted a request for compassionate release on April 6, 2020 to both the warden *and* the unit manager at FCI Ashland, but that such request was denied. [See Doc. 183 at 1]. A close examination of that request, however, reveals that it was directed to the warden *or* the Unit Manager and was denied by the Unit Manager on April 10, 2020. [Doc. 183-1 (addressing "Mr. Warden *or* Mr. Maia") (emphasis added)]. At most, this document shows that the Defendant initiated a request for compassionate release with his unit manager, and that such request was denied. There is nothing in the record to indicate, however, that the Defendant appealed this denial to anyone within the BOP. Further, because this request is directed to the warden *or* the unit manager, and such filing was denied only by the unit manager, the Defendant has failed to show that

6

he in fact made a request to the warden of FCI Ashland and that the warden failed to respond within thirty (30) days, as required by § 3582(c)(1)(A)(i).

As noted above, a defendant's failure to fully pursue his remedies under § 3582(c)(1)(A)(i) precludes the Court from considering the merits of the Defendant's motion. Based on the record presented, the Court finds that the Defendant has failed to demonstrate that he submitted a request for compassionate release to the warden of his Bureau of Prisons facility or that he has otherwise exhausted his administrative remedies with respect to that request.[4] As such, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must be denied, albeit without prejudice.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's Motion to Supplement [Doc. 183] is **GRANTED**;

(2) The Government's Motion to Dismiss [Doc. 182] is **GRANTED**; and

---

[4] The requirements of § 3582(c)(1)(A)(i) are not just technicalities. They allow the Bureau of Prisons an opportunity to pass on the Defendant's request for compassionate release in the first instance. Allowing the BOP to first address the Defendant's request makes sense, as the BOP stands in the best position to assess all of the factors which must be considered in granting a compassionate release, including the number of COVID-19 cases within the particular facility; the defendant's medical conditions and his or her resulting susceptibility to contracting COVID-19; the ability of the facility to treat the defendant's medical conditions; the defendant's conduct during the period of incarceration; and the defendant's proposed release plans, among other factors.

(3) The Defendant's Motion for Compassionate Release [Doc. 180] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: July 21, 2020

Martin Reidinger
Chief United States District Judge