# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:16-cr-00051-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>            )<br>        Plaintiff,   )<br>            )<br>vs.          )<br>            )<br>KENNETH PAUL METCALF,  )<br>            )<br>        Defendant.   )<br>_____  ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release [Doc. 186]; the Government's Motion to Seal [Doc. 189]; and the Defendant's Motion to Supplement [Doc. 190]. The Government opposes the Defendant's motion for compassionate release. [Doc. 187].

## I.   BACKGROUND

In August 2016, the Defendant Kenneth Paul Metcalf pled guilty to one count of conspiracy to distribute methamphetamine. [Docs. 67, 71]. In March 2017, the Court sentenced him to 140 months of imprisonment to be followed by five years of supervised release. [Doc. 118]. The Defendant is

currently housed at a FCI Ashland, and his projected release date is April 1, 2026.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 186]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served.[2] [Id.].

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's

---

[1] See https://www.bop.gov/inmateloc/ (last visited Nov. 5, 2020).

[2] The Defendant moves to supplement his motion to provide additional information regarding the conditions at FCI Ashland. [Doc. 190]. The Court will grant the Defendant's motion to supplement.

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.³ See

---

³ The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, 820 F. App'x 229, 230 (4th Cir. 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant is 40 years old and is generally healthy, except that he receives treatment for asymptomatic hypertensive heart disease

5

without heart failure. [See 188 at 5-8]. He controls his high blood pressure with hydrochlorothiazide (HCTZ), along with regular exercise and a low-salt diet. [Id.]. His condition does not substantially diminish his ability to provide self-care while in custody. The mere fact that the Defendant faces a potential risk of contracting the virus is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4] This is especially true where, as here, the Defendant is housed in a facility that currently has only one active coronavirus case among the inmate population and none among the staff.[5]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[5] See http://www.bop.gov/coronavirus/ (noting that no deaths have been reported at FCI Ashland and seven inmates and four staff members have recovered from the virus) (last visited Nov. 5, 2020).

6

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's offense of conviction was extremely serious. He conspired with co-defendants Medina, Brown, White, and others to distribute large quantities of methamphetamine. In his Plea Agreement, that Defendant stipulated that the amount of actual methamphetamine attributable to him was in excess of 500 grams. [Doc. 102: PSR at 4]. The Defendant's conduct during the conspiracy demonstrated that he is dangerous and difficult to deter from criminal activity. Officers stopped the Defendant and a co-defendant in a car containing meth, guns, approximately $16,000 (including money used during a monitored sale to a confidential informant), and a drug ledger. [Id. at 6-7]. Officers then searched their hotel room and found almost 70 grams of additional methamphetamine. [Id. at 7]. The Defendant was

7

Case 1:16-cr-00051-MR-WCM   Document 192   Filed 11/12/20   Page 7 of 11

arrested and charged, but he bonded out of custody. [Id.]. Shortly thereafter, officers stopped the Defendant and an informant in a car containing drug paraphernalia, approximately $5,000, and another drug ledger. [Id. at 8]. The officers then executed a search warrant on the Defendant's residence and recovered over 450 grams of actual methamphetamine. [Id.]. Informants also told drug agents that the Defendant's co-defendant, Medina, wanted to acquire a gun so that he could use it to kill a DEA agent associated with the investigation. [Id. at 7, 10]. When agents interviewed the Defendant after his second drug arrest, he confessed to his role in the conspiracy and admitted that he was aware that Medina was seeking a firearm to kill the DEA agent. [Id. at 10].

The Defendant also has a significant criminal history. In the PSR, his criminal history score was V. [Doc. 102: PSR at 21]. He was convicted of two different drug distribution offenses in June 2007. [Id. at 19-20]. Following his arrests on these charges, but prior to his conviction and sentencing, he committed a felony breaking and entering and larceny. [Id. at 21]. He also has a variety of other convictions, including two assaults on females and three DWI offenses. [Id. at 17-20]. In light of the Defendant criminal history and the circumstances of his present offense, the Court finds

that the original sentence as imposed was sufficient but not greater than necessary to accomplish the goals set forth in § 3553(a), and that the sentence properly reflected the seriousness of the offense, the need to deter criminality, and the need to protect the public from further crimes of the defendant.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's motion for compassionate release is denied.

### B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 188] filed in support of its Response to the Defendant's motion for compassionate release. For grounds, counsel states that the medical records contain highly personal and confidential material concerning the Defendant's medical conditions. [Doc. 189].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

9

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on October 29, 2020, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that:

(1) The Defendant's Motion to Supplement [Doc. 190] is **GRANTED**;

(2) The Defendant's Motion for Compassionate Release [Doc. 186] is **DENIED**; and

(3) The Government's Motion to Seal Exhibit [Doc. 189] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 188] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: November 11, 2020

*Martin Reidinger*
Martin Reidinger
Chief United States District Judge